## WEBER v. TRAVELERS' INS. CO.

*(Circuit Court, D. North Dakota. April 23, 1891.)*

REMOVAL OF CAUSES—JURISDICTIONAL AMOUNT—PLEADING.

In an action for the specific performance of a sale of land, plaintiff alleged that she had performed all of her agreements, and asked for a conveyance. The petition for removal of the cause alleged that the matter involved exceeded, exclusive of costs, $2,000. *Held*, on motion to remand for want of jurisdiction, that, there being no question of interest involved, it was unnecessary for the petition to allege that the amount involved exceeded $2,000, exclusive of costs and "interest."

In Equity. Motion to remand.

*M. A. Hildreth*, for complainant.

*H. C. Southard*, for defendant.

THOMAS, J., *(orally.)* This action was commenced in the district court of Richland county, state of North Dakota, and before the time for answering expired the defendant filed a petition in said court for the removal of said action to this court. Said petition and the transcript of the record having been filed in this court, the plaintiff moves to remand, on the ground that it appears on the face of the petition and the record that this court has not jurisdiction of said action. The matter in dispute, as appears by the complaint, consists of certain lots in the city of Wahpeton, Richland county, N. D., but the value of said lots does not appear in the complaint, and there is no allegation contained in the complaint from which this court can ascertain the actual value of said lots, and there is nothing that appears thereon that said lots are not worth over $2,000. The complaint is silent as to value. In the petition for removal it is said "that the matter involved in dispute in the above-entitled action exceeds, exclusive of costs, the sum or value of $2,000." All the other jurisdictional facts sufficiently appear upon the petition and complaint filed. The contention of plaintiff upon this motion is that it does not appear, either upon the face of the petition or upon the record, that the matter involved in dispute exceeds the sum or value of $2,000, so as to give this court jurisdiction, and for that reason the case should be remanded to the state court. I do not think it can successfully be maintained that, if it had been alleged in the petition that the matter involved in dispute in the above-entitled action exceeded, exclusive of interest and costs, the sum or value of $2,000, this court would not have had jurisdiction of the cause. What is the effect of leaving out the word "interest" in the petition upon the facts as disclosed by the record? The action is brought for the specific performance of a contract for the purchase of land; the plaintiff alleges that she has entirely performed her part of the contract, and that she is entitled to a conveyance of the property. No question of interest is involved, or can be involved, as might be the case if the action was upon a promissory note, bond, or some other evidence of debt on which interest might be computed. The question is, what is the value of the land which is the subject-matter of the action and the matter in dispute? The petition alleges that it (the

v.45F.no.10—42

land) exceeds in value the sum of $2,000. At least such is the natural and reasonable interpretation of the allegations of the petition, read in connection with the complaint. The statute, in my opinion, is to be construed with reference to the subject-matter and the matter in dispute. Taking the petition and the complaint together, and reading them practically as one paper, it appears that the matter in dispute is real property within the jurisdiction of this court, and that the value of the said real property exceeds the sum of $2,000, exclusive of costs. There being no question of interest, upon the facts disclosed, I do not think it was essential for the petitioner to use the term "interest" in his petition; in other words, the elimination of that term from his petition does not entitle the plaintiff to have this cause remanded. The motion should be denied, and it is accordingly so ordered.